CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERMAINE C. TALFORD, | ) | CASE NO. 7:15CV00387 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Jermaine C. Talford, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on convictions for distribution of cocaine. Upon review of the record, the court concludes that the petition must be dismissed.

I.

A grand jury in Bristol, Virginia, returned an indictment on May 28, 2013, charging Talford with three counts of distribution of cocaine, third or subsequent offense. (CR13000817-01, 02, 03.) The indictment alleged that Talford distributed cocaine on January 6, 10, and 12, 2013. Incidental to his arrest, the Bristol, Virginia Police Department ("BVPD") seized and stored in its evidence locker several bags containing an off-white substance that were sent to the Virginia Department of Forensic Science in March 2013 for testing.

Sometime before Talford's scheduled trial date of September 12, 2013, the Commonwealth notified defense counsel that BVPD Evidence Clerk Nancy Sluder had suffered two debilitating strokes and was not expected to be available to testify. The Commonwealth sought admission of the evidence log maintained by Sluder to prove that the BVPD had maintained custody of the seized substances. Talford's counsel filed a motion in limine to exclude the evidence log, the cocaine, and the certificates of analysis, based on Sluder's

unavailability to authenticate the log entries. At a hearing on September 11, 2013, Talford waived his speedy trial rights to allow the trial judge time to decide the defense motion, and the trial was postponed.

On September 20, 2013, the judge granted Talford's motion in limine to exclude the evidence log entries about the seized substances at trial without Sluder's testimony as the person who made the relevant log entries. The judge further ruled that "absent testimony or other evidence to establish the chain of custody . . . the certificate of analysis [from the forensic technician] and the seized substances" were inadmissible. (Pet. Attach. 11, ECF No. 1-1.) Talford's trial was scheduled for November 4, 2013. On October 15, Talford's counsel filed a motion to dismiss the charges, based on Sluder's unavailability, among other things.

By letter dated October 21, 2013, Talford's counsel notified him that the judge had denied the motion to dismiss. Counsel stated:

> I was disappointed in the Judge's ruling. I understand that you feel that the Judge misled you when we waived speedy trial. . . . I will be filing an appropriate objection so that is preserved for an appeal if you are convicted.
>
> As we have previously discussed, if convicted of these charges in a jury trial, the Jury wouldn't be able to sentence you to any less than the mandatory minimum of ten years on each count convicted. . . . [T]he Commonwealth . . . has agreed to allow you to take a plea of 12 years for all three charges [and to] amend the charges [so] that there would be no mandatory minimum. . . . I may be able to talk the Commonwealth down to 10 years for all three charges . . . . [If] you . . . take this matter to a jury trial . . . you could be convicted of all three counts and serve a minimum of 30 years to potentially life in prison.
> . . . .
> My advice to you at this time is to seriously reconsider the Commonwealth's plea offer. If the Confidential Informant testifies and the other necessary witnesses testify, including the evidence clerk, I feel a conviction is likely at least on the one count that the video is quite good and you will be facing much more time than is currently offered.
> . . . .
> This all being said, the ultimate decision is yours and yours alone.

(Pet. Attach., ECF No. 1-1.) Counsel's letter also explained that he could not comply with Talford's request for him to pursue a nolle prosequi of the charges, because only the Commonwealth could follow this procedure, and it was not "at a position at this time to do so." (Id.)

It is undisputed that on the day of Talford's trial, Sluder was available to testify against Talford. Instead of facing trial before the jury, however, Talford accepted a plea bargain. Under the terms of the plea agreement, in exchange for Talford's Alford[1] guilty plea to three amended charges of distribution of cocaine, first offense, Talford would be sentenced to ten years in prison on each count, with all but ten years of the total sentence to be suspended.

At the guilty plea hearing, the Commonwealth summarized its evidence against Talford as follows:

> [T]his matter involved three controlled drug buys with the use of a confidential informant. First of those occurred here in the City of Bristol on January the 6th of this year, 2013; the second occurred on January the 10th of this year; and the third on January the 12th of this year.
>
> On each of those, the confidential informant had arranged to make a purchase of cocaine from the defendant. The confidential informant was met and searched, both his person and his vehicle, by the Bristol Virginia Drug Task Force. He was wired with audio and video recording equipment, made these three purchases from Mr. Talford, then again met with—immediately following the transactions, with the members of the Bristol Virginia Drug Task Force and was again searched, his vehicle and his person, and they retrieved the audio and video recording of these transactions and they all occurred within the City Limits of the City of Bristol, Virginia.
>
> In addition to that, Your Honor, we would ask to introduce the Certificates of Analysis that are applicable to each of these charges [verifying the seized substances as cocaine].

(Mot. Dism. Ex. 1 Attach. E (guilty plea hearing transcript), at 14, ECF No. 9-1).

---

[1] Alford v. North Carolina, 400 U.S. 25, 38 (1970) ("In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.")

3

During the guilty plea colloquy, Talford affirmed his understanding that the evidence clerk, Ms. Sluder, was present and available to testify if he proceeded to a jury trial. (Id. at 5.) Talford also affirmed that he was fully satisfied with his counsel's representation and had discussed possible defenses he might have at trial. Talford also affirmed that he understood and had voluntarily answered the questions on the guilty plea form; he understood the rights he was waiving by pleading guilty; he understood that he was waiving his right to challenge the Commonwealth's evidence (including the chain of custody of the seized substances, the certificates of analysis, and any other issues previously raised by his counsel); he understood the terms of the plea agreement, including the amendment of the charges; no one had coerced him into pleading guilty; and he was voluntarily entering an Alford plea because he believed it was in his best interest to do so.

Based on the guilty plea colloquy and the documents presented therein, the judge found that Talford's guilty plea was voluntary and knowing. Pursuant to the plea agreement, the judge entered judgment against Talford on November 4, 2013, convicting him of three counts of distributing cocaine, first offense, and sentencing him to thirty years in prison, with twenty years suspended.[2]

Talford next filed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia (Record No. 141017), which construed the petition as alleging these unnumbered claims:

    A.    Trial counsel was ineffective in failing to inform petitioner that the evidence clerk had fallen ill and would not be able to testify at his trial;

---

[2] Talford did not appeal the judgment. He had earlier filed an appeal from the trial court's denial of his motion for bond and motion to reconsider. After the guilty plea, the Court of Appeals of Virginia granted Talford's motions to withdraw the appeal and dismissed it in March 2014.

4

petitioner allegedly would not have pleaded guilty if he had known that the evidence clerk would not be present for trial; and

    B.    Trial counsel was ineffective in failing to ask the Commonwealth to <u>nolle prosequi</u> his charges after petitioner instructed him to do so; petitioner alleges that the charges should have been dismissed based on the evidence clerk's unavailability and the Commonwealth's resulting inability to establish the chain of custody.

The Supreme Court of Virginia dismissed Talford's <u>habeas</u> petition in a detailed order as without merit and denied his petition for rehearing.

In his timely filed petition for a writ of habeas corpus under 28 U.S.C. § 2254, Talford alleges the following numbered grounds for relief[3] (Pet. 5, 7, 8, ECF No. 1.):

    1.    Counsel was ineffective because he "told [petitioner he] was a free man. He told [petitioner he] would get up to life on each count. He withheld information. He never told [petitioner] the key witness to the evidence would not testify because of medical issues."[4]

    2.    The prosecutor committed misconduct by not moving to dismiss petitioner's charges and continuing to "press[ ]" petitioner for a guilty plea even after the trial judge excluded evidence unless the evidence clerk could testify at trial; the prosecutor did move to dismiss another defendant's charges based on the clerk's unavailability.

    3.    The prosecutor, petitioner's attorney, and the trial judge showed "unprofessionalism" because all three knew [the evidence clerk] couldn't testify, but [were] so adamant" about petitioner "taking a plea"; counsel should have advised petitioner the clerk could not testify, and the judge

---

[3] In addition to the numbered claims in his § 2254 petition itself, Talford states his belief that his biracial marriage and his learning disabilities adversely affected his case in unspecified ways. He also submits notes from other jail inmates, claiming that the evidence locker key had been found in a parking lot after Sluder's stroke, suggesting another challenge to the chain of custody of the drugs. Talford does not pose these allegations as claims for relief, and the court does not construe them as such. Moreover, Talford does not demonstrate any ground on which this court could consider this evidence that he never submitted to the state court in support of his claims there. See <u>Cullen v. Pinholster</u>, 562 U.S.170, 180-81 (2011) (limiting federal <u>habeas</u> court reasonableness review under § 2254(d) to "the record that was before the state court"). In any event, the court cannot conceive of any ground for relief under § 2254 arising from these allegations in light of the record as a whole.

[4] In an attachment to the petition, Talford blames counsel for misleading him into believing his case would be dismissed and then coercing him into pleading guilty.

should have granted petitioner's motion to dismiss in the absence of any objection from the prosecution.[5]

Respondent moves to dismiss Talford's habeas claims as procedurally barred and/or without merit, and Talford has responded to the motion. The court has also reviewed records from the Bristol Circuit Court and the Supreme Court of Virginia.

## II.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).

Respondent admits that Talford's claim 1 is exhausted as required under § 2254(b)(1) because Talford presented this claim to the Supreme Court of Virginia in his state habeas petition. Respondent argues, however, that Talford's claims 2 and 3 in the federal petition are procedurally barred from federal habeas review, because he never presented these contentions to the Supreme Court of Virginia. The court agrees that Talford did not present claims 2 and 3 to

---

[5] In the attachment to the petition, Talford contends that on September 11, 2013, the trial judge misled him into waiving his speedy trial rights by stating that there would be no trial if the judge found petitioner's "case inadmissible"; but after granting the motion in limine, the judge denied Talford's motion to dismiss. (Pet. 15.)

6

the Supreme Court of Virginia as required for exhaustion. Because he knew the facts necessary to these claims when he filed his prior state petition, the state court would now find them procedurally barred under Virginia's statute prohibiting successive habeas petitions. See Va. Code Ann. § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition."). See Gray, 518 U.S. at 162 (holding that claim barred by Va. Code Ann. § 8.01-654(B)(2) was "not cognizable in federal suit for the writ").

Talford's procedurally defaulted claims 2 and 3 "may support federal habeas relief only if [he] demonstrates cause for the default and prejudice from the asserted error."[6] House v. Bell, 547 U.S. 518, 536 (2006). To show cause, Talford must identify "something external to the petitioner, something that cannot fairly be attributed to him [that] . . . impeded [his] efforts to comply with the State's procedural rule." Coleman v. Thompson, 501 U.S. 722, 753 (1991) (internal quotation marks and citations omitted). Talford has not argued any cause for his failure to present claims 2 and 3 to the state courts,[7] and the court finds none. Therefore, the court must dismiss claims 2 and 3 of the petition as procedurally barred from federal habeas review.

---

[6] The fundamental miscarriage of justice is a narrow exception to the cause requirement, "where a constitutional violation has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." Richmond v. Polk, 375 F.3d 309, 323 (4th Cir. 2004) (quoting Dretke v. Haley, 541 U.S. 386, 393 (2000). To open this procedural gateway to secure the adjudication of his otherwise procedurally defaulted claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of [some] new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Talford asserts that he is innocent. He does not present new evidence, however, to support a colorable showing of actual innocence under the Schlup standard so as to open that gateway to consideration of his defaulted claims. As he recognized at the time he entered into the plea agreement, the Commonwealth had sufficient evidence to convict him at trial, including testimony from the confidential informant and video depicting the three distributions of cocaine.

[7] See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that as petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).

## III.

To obtain federal habeas relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 66, 101 (2011) (omitting internal quotations).

To state a constitutional claim for ineffective assistance, petitioner must satisfy a two-prong test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 686-87. Petitioner must overcome "a strong presumption" that counsel's tactical decisions during the representation were reasonably competent, and the court may adjudge counsel's performance deficient only when petitioner demonstrates that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 689-90. Even if petitioner can establish deficient performance under this high standard, relief remains unavailable unless he also shows a "reasonable probability" that, but for counsel's errors, the

8

outcome of the proceeding would have been different. Id. at 694-95. To state a claim that counsel's alleged error or omission led him to enter an invalid guilty plea, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The court must deny relief if petitioner fails to establish either of the Strickland prongs. 466 U.S. at 697.

Applying these established federal constitutional standards, the Supreme Court of Virginia found that Talford's claim 1 (alleging counsel's failure to inform him of Sluder's unavailability) had no merit:

> The Court holds that this claim satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland [ ]. The record, including the circuit court's order and the trial transcript, reveal that the evidence clerk was initially unavailable, due to illness, to testify at petitioner's trial. Based on the clerk's unavailability, defense counsel filed a motion in limine to exclude the admission of the police department's evidence log to establish the chain of custody of several pieces of evidence. The motion was granted. On the date of trial, however, the clerk was present and able to testify to establish the chain of custody. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

(Sup. Ct. Va. Order 2, Jan. 14, 2015, ECF No. 15.) After its own review of the record, this court concludes that the state court's adjudication of this claim was not contrary to, or an unreasonable application of, established federal law and was not based on an unreasonable determination of the facts. Therefore, the court must grant the motion to dismiss as to claim 1, pursuant to § 2254(d).

In response to the motion to dismiss, Talford argues that the Supreme Court of Virginia and respondent have misinterpreted his intended habeas claims. Such confusion would not be surprising. Talford's state petition consisted of a habeas form with an attached, hand-written

9

letter with no paragraphs or claim numbers, providing a rambling narrative of events and complaints. In light of Talford's current allegations, the court liberally construes his intended habeas claim to be: if he had known on September 11, 2013, that Ms. Sluder would be unavailable if he went to trial on September 12, the originally scheduled trial day, he would not have waived his right to a speedy trial and would have proceeded to trial as scheduled. He further complains that his counsel and the judge both misled him into deciding to postpone the trial: counsel told him he would be a free man, and the judge promised there would be no trial if he found the evidence was inadmissible. During the period while trial was delayed, Sluder recovered, and with her testimony available on November 4, 2013, to allow admission of the drugs, Talford felt tricked into waiving his speedy trial rights and accepting the plea bargain, although he claimed he had not distributed cocaine as alleged in the indictment.

The court finds no merit to this claim. "It is well settled that a voluntary and intelligent plea of guilty of an accused person, who has been advised by competent counsel, may not be collaterally attacked." United States v. Broce, 488 U.S. 563, 574 (1989) (omitting citation).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The fact that Talford did not admit his guilt when entering his plea does not change the fact that by entering the Alford plea, he knowingly and voluntarily waived the trial rights that he now seeks to recover. 400 U.S. at 37. The judge's allegedly misleading statements during the September 2013 hearing and his denial of the motion to dismiss the indictment preceded Talford's valid guilty plea. Thus, under Tollett, the court

10

finds that, by entering the plea, Talford waived his right to pursue habeas claims concerning these events.

Moreover, the court concludes that the sequence of events in this case does not support any claim of ineffective assistance of counsel. Even if Talford could prove that counsel performed below an acceptable professional standard by overstating the likelihood that all charges would be dismissed based on Sluder's unavailability in September and October, Talford cannot show resulting prejudice as required to prevail on a Strickland claim. The evidence against Talford, even without admission of the cocaine itself, was substantial. He fails to demonstrate any reasonable likelihood that a trial on September 12, 2013, would have resulted in complete acquittal or that the overall sentencing outcome would have been more favorable to him than the reduced charges and partially suspended sentence he achieved through the plea agreement in November 2013. It is undisputed that if convicted at trial on only one charge of distribution of cocaine, third offense, Talford would have faced a mandatory minimum sentence of 30 years in prison and could have received a life sentence. Talford fails to demonstrate any reasonable probability that the overall outcome would have been better for him, absent counsel's alleged error in advising Talford to waive his speedy trial right in hopes that the motion to dismiss the indictment would be granted. Accordingly, Talford has not shown prejudice under Strickland.

## IV.

For the reasons stated, the court will grant the motion to dismiss. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for respondent.

ENTER: This 10th day of May, 2016.

_____
Chief United States District Judge

12

Case 7:15-cv-00387-GEC-RSB   Document 21   Filed 05/10/16   Page 12 of 12   Pageid#: 318